# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| MARVIN L. GIBSON, | ) | |
| Claimant, | ) ) ) | |
| v. | ) ) | Case No. CV403-090 |
| MICHAEL J. ASTRUE, *Commissioner of the Social Security Administration*, | ) ) ) ) ) | |
| Defendant. | ) | |

## ORDER

On May 14, 2003, claimant Marvin Gibson appealed the Commissioner's denial of Social Security disability benefits. (Doc. 1.) Shortly thereafter, the Commissioner moved for a remand under Sentence Six of 42 U.S.C. § 405(g), since the Office of Hearings and Appeals was "unable to locate the claim file containing the [Administrative Law Judge's ('ALJ')] decision . . . and the tape recording of the hearing" before the ALJ. (Doc. 2.) The Court granted the motion. (Doc. 4.) Nearly eight years later, Gibson filed a mandamus action against the Commissioner asking the Court to compel him to complete the remand

process. *Gibson v. Astrue* ("*Gibson II*"), No. CV411-222 (S.D. Ga. Sept. 2, 2011). The Commissioner then moved to reopen the original case, contending that the proceedings on remand had finally been completed. (Doc. 6.) The Court granted the Commissioner's motion to reopen the case (doc. 8), but it ultimately dismissed Gibson's related mandamus action. (Doc. 26); *Gibson II*, doc. 18.

Presently pending before the undersigned are several motions in Gibson's surviving Social Security appeal. Most significantly, Gibson asks to stay briefing since the Commissioner has failed to produce a complete transcript of the administrative proceedings. (Doc. 22.)

At Gibson's hearing, the ALJ specifically admitted exhibits 1F-17F, and exhibit 18F was to be submitted following the hearing. (Tr. 66-67.) The transcript, however, contains only 1F-12F. (Tr. 3.) After some additional searching, the Commissioner has located exhibits 13F-15F, but 16F-18F are still missing. (Doc. 28-1 at 3 (Patrick J. Herbst Aff.).) While 18F was to include additional medical records from Veterans Affairs, the contents of 16F and 17F are unknown. (Doc. 24 at 2 ("[s]ince the undersigned counsel was not involved in the administrative hearings leading up to the 2003 Civil Action, counsel has no way at present of

determining the contents of the missing exhibits").) As the Commissioner contends, the parties can only speculate as to the contents of those missing exhibits. (Doc. 28 at 3.)

Generally, where a claimant cannot produce "copies of the missing documents, counsel for the claimant must decide whether to proceed to have the court review the case without the missing documents, or to request a remand for a new administrative proceeding," and "[t]he court must remand the matter if the missing documents make effective judicial review impossible." CAROLYN A. KUBITSCHEK & JON C. DUBIN, SOCIAL SECURITY DISABILITY LAW AND PROCEDURE IN FEDERAL COURT § 9:40 (2012 ed.); see Strogish v. Astrue, 2008 WL 5263350 at *15 (W.D. Pa. Dec. 16, 2008) (where a court is unable to engage in meaningful or informed judicial review due to an incomplete administrative record, the court has the authority to remand the case), citing Harrison v. PPG Indus., Inc., 446 U.S. 578, 594 (1980). Here, claimant clearly wants a remand. The question, then, is whether the missing documents prevent effective judicial review.

The ALJ did not cite to the exhibits in his decision, and claimant himself cannot state with any certainty what those exhibits included.

Faced with such a situation, the Court cannot say that the ALJ even considered that evidence. Without at least some idea of what the exhibits contained, the Court cannot meaningfully review the Commissioner's decision denying benefits.[1] *See Andres v. Bowen*, 870 F.2d 453, 455-56 (8th Cir. 1989) (missing evidence not critical when it is discussed and "reconstituted" in the ALJ's opinion and would not help the claimant's case). Before remanding this case for a new administrative hearing, the Court first **DIRECTS** the parties to confer and attempt to contact claimant's original counsel and explore any other conceivable method of determining the contents of the missing exhibits. They shall have 30 days from the date of this Order to submit a joint status report outlining their discoveries or lack thereof. Claimant shall also prepare a brief memorandum summarizing any evidence she was aware of that did not make it into the transcript (only evidence available up to the second hearing date), and she must explain why that evidence is material. In the meantime, the briefing schedule is stayed. Hence, claimant's motion to

---

[1] The Commissioner suggests that remand would serve no practical purpose and would prove impossible. (Doc. 28 at 3.) Quite the contrary. In remanding for a new hearing, claimant would be permitted to supplement the record with any pertinent evidence he wishes admitted. The ALJ's determination based upon that evidence will, so long as the evidence survives and is included in the transcript, be reviewable here.

stay briefing until the Commissioner files a complete transcript (doc. 22) is **GRANTED IN PART**.

Meanwhile, claimant insists that the Commissioner should be ordered to show cause as to why he filed an incomplete transcript. (Doc. 23.) Indeed, he claims that the Commissioner should be held in contempt "for filing an incomplete transcript and violating the Court's" remand order. (*Id.* at 3-4.) In denying Gibson's earlier show cause motion, however, the Court has already held that the Commissioner has complied with its remand order. (Doc. 26.) Thus, it will entertain no further argument along those lines. Claimant's "show cause" motion (doc. 23) is **DENIED**. Finally, the Court **GRANTS** the parties' consent motion for an extension of time to file claimant's brief (doc. 17), though the motion itself is now moot, and the Court denies the parties' motions for extensions of time to file reply briefs. (Docs. 27 & 30.)

**SO ORDERED** this __2nd__ day of May, 2012.

*/s/ J.R. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA