UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

MARVIN L. GIBSON,

Plaintiff,

v.                    4:03-cv-90

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

Defendant.

## ORDER

### I. INTRODUCTION

Before the Court for the second time is Marvin Gibson's Petition for Attorney's Fees. ECF No. 47. After reviewing the documentation Gibson's counsel submitted to support the fee request, the Court **GRANTS** the motion.

### II. DISCUSSION

The Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), provides for an award of attorney's fees in social security cases like this one if: (1) the party seeking fees is a prevailing party in a civil action brought against the United States; (2) the fee petition is filed within thirty days of final judgment; (3) the government's position was not substantially justified; and (4) no special circumstances make an award unjust. *Id.* at (1)(A), (B).

As discussed previously,[1] the Government concedes that Gibson is a prevailing party and the timeliness of his fee petition. *See* ECF No. 50 at 1. And no special circumstances make an award unjust in this case. All that remains is to determine whether the government's position was not substantially justified.

### A. Substantial Justification

Substantial justification for the government's position exists if "all of the government's arguments possessed a 'reasonable basis both in law and fact.'" *Myers v. Sullivan*, 916 F.2d 659, 666 (11th Cir. 1990) (quoting *Jean v. Nelson*, 863 F.2d 759, 767 (11th Cir. 1988)). And all means all—the government must show that both its pre-litigation conduct *and* its litigation positions qualified as substantially justified. *See id.* at n.5 (citing *Comm'r, INS v. Jean*, 496 U.S. 154, 161-62 (1990) (noting that "the EAJA—like other fee-shifting statutes—favors treating a case as an inclusive whole, rather than as atomized line-items.")).

Without casting aspersions on any one government employee, the Court cannot possibly find substantial justification for all governmental conduct in this case. Losing portions of the administrative record alone is unjustifiable. *See. e.g.*, *Sergenton v. Astrue*, 714 F. Supp. 2d 412, 415 (E.D.N.Y. 2010) (finding no substantial justification for the government's position given an ALJ's loss of a portion of the record). Allowing this case to drag on for over a decade also might qualify. Regardless of the merits of any individual legal argument made, not all the government's conduct here qualifies as justified. The Court therefore finds the third requirement of § 2412(d)(1)(A), and thus 2412(d)(1)(A) as a whole, satisfied. Given

---

[1] For a complete discussion of the facts underlying this case, *see* ECF No. 50.

Gibson's eligibility for a fee award under the EAJA, the court must now determine what constitutes a reasonable rate for legal services and then what would be a reasonable fee.

### B. Reasonable Rate

"Courts use a two-step process to determine the appropriate hourly rate, first determining the market rate for similar services by similar attorneys and then determining whether an increase in the cost of living or a special factor justifies adjusting the hourly rate higher than the statutory cap of $125." *Bookman v. Comm'r of Social Sec.*, 490 F. App'x 314, 317 (11th Cir. 2012) (citing 28 U.S.C. § 2412(d)(2)(A)(ii); *Meyer*, 958 F.2d at 1033). The fee applicant bears the burden of demonstrating the market rate. *See id.* (citing *Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988)).

Gibson's counsel makes no showing of the market rate for similar services by similar attorneys. Although counsel states the proper legal standard in the fee petition, she then proceeds straight to justifying cost of living increases in the statutory cap without demonstrating what the market rate is. *See* ECF No. 47 at 13. "Because [counsel] did not show that the market rate was higher than $125, [this Court is] not required to determine whether a cost-of-living adjustment to the hourly rate [is] appropriate." *Bookman*, 490 F. App'x at 317. The Court therefore sets the hourly rate for attorney services at the statutory cap of $125.

Counsel, however, has shown that the market rate for paralegal services ranges from $65-$85 per hour. ECF No. 47 at 17. Counsel then requests $65 for paralegal time billed. *Id.* The Court finds such a rate reasonable, particularly in light of the market rate. With rates set, the Court turns now to a discussion of the fee amounts requested.

### *1. Gibson's Requested Fee*

Gibson's counsel seeks a flat $15,000 for attorney and paralegal services and $500 for expenses, including legal research costs. *See* ECF No. 47 at 1. To support these amounts, counsel submitted detailed billing records showing the following: (1) 150.37 hours of attorney time from 2003 to 2013; (2) 24.89 hours of paralegal time from 2003 to 2013; and (3) total expenses, including Westlaw charges, of $3,483.84. ECF No. 51-1 at 1, 24. At $125/hour for attorney time and $65/hour for paralegal time, the total of all three categories is $23,897.94. So, counsel's requested fees and expenses represent a $8,397.94 discount over what her billing records support.

After reviewing the detailed billing records counsel provided, the Court is satisfied that $15,000 represents a reasonable request given the amount of work counsel performed. Over the decade this case has trolled its way through the labyrinthine administrative apparatus of the Social Security Administration as well as this Court, counsel drafted at least ten different motions and briefs filed in this Court, not to mention the countless emails, phone calls, and client consultations over the years. *See id.* 1-24. The billing records do

2

not indicate counsel spent an inordinate amount of time on any of those tasks. *See, e.g., id.* at 15 (noting three hours spent on drafting Gibson's response to a motion to reopen). Even if counsel overbilled for a particular task, the total requested fee is over $8,000 less than the billing records support, more than enough to compensate for isolated overbilling.

Counsel's fee request of $500 likewise is reasonable. The Westlaw charges counsel incurred from 2012-2013 alone totaled $1,157.20. *See id.* at 24. The Court finds no reason to reduce the requested expenses.

### III. CONCLUSION

Gibson has satisfied all four elements of 28 U.S.C. § 2412(d) required to merit a fee award under the EAJA. His counsel's requested fee, moreover, is reasonable, as are the requested expenses. Gibson's petition for attorney's fees is ***GRANTED***.

The Court therefore ***ORDERS*** the Commissioner to pay $15,000 in attorney's fees and $500 in expenses, for a total of $15,500, to Pamela I. Atkins, Atkins & Associates, Attorneys-at-Law, L.L.C.[2] The Court also ***ORDERS*** that payment be made with ninety (90) days of the filing of this Order.

This 23 day of May 2013.

/s/ B. Avant Edenfield

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[2] Section 2412(d)(1)(A) requires that courts award fees to the prevailing party, not the prevailing party's attorney. Gibson, however, signed an assignment of EAJA fees that allows direct payment of fees and expenses to his counsel. *See* ECF No. 47-3 at 1; *see also Astrue v. Ratliff*, 130 S. Ct. 2521, 2529 (2010) (approving direct payment of EAJA awards to counsel when petitioner signs an assignment of fees).

3