UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

MARVIN L. GIBSON,

Plaintiff,

v.                    4:03-cv-90

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

Defendant.

## ORDER

### I. INTRODUCTION

Before the Court is the Commissioner's Objections[1] to Fees and Costs For Which Plaintiff Seeks Compensation Pursuant to 28 U.S.C. § 2412(d). ECF No. 53. Because the Court entered an order granting Gibson's motion for attorney's fees the day the objections deadline expired, *see* ECF No. 52, but before the Commissioner filed her objections, the Court will now consider the objections as timely filed.[2] In doing so, the Court *MODIFIES* its previous order granting Gibson a fee award in the following ways.

### II. DISCUSSION

As established in the Court's previous Order, Gibson is entitled to attorney's fees under the Equal Access to Justice Act ("EAJA") at the rate of $125 per hour, and paralegal fees at the rate of $65 per hour. 28 U.S.C. § 2412(d); ECF No. 52. The Commissioner objects to the reasonableness of the fees requested. *See* ECF No. 53 at 1. The Court will first discuss the various categories of billing entries the Commissioner objects to. The Court will then address who fees should be awarded to—Gibson, or his counsel.

### A. Time Spent Before Filing The Complaint and Time Spent on Administrative Matters

The Commissioner objects to, among other related items, time Gibson's attorney, Pamela Atkins, and her paralegal spent "speaking and writing to [Gibson] to generally discuss the case, to get him to fill out paperwork . . . making several calls and writing thank you notes to [Gibson's] former counsel," because that time "was not expended in preparation for the civil action or as part of the civil action." ECF No. 53 at 3-4.

The Court disagrees, in part. The Commissioner is correct that "the first of any recoverable attorneys' fees are the costs of preparing and filing the petition or complaint that commences the civil . . . action." *White v. United States*, 740 F.2d 836, 842 (11th Cir. 1984). But the Commissioner is incorrect to construe all of the objected to time entries as falling outside the preparation for civil action boundary.

The EAJA provides for fee awards to include "reasonable expenses that the court determines are necessary to the *preparation* of the party's case." *McGuire v. Sullivan*, 723 F. Supp. 1506, 1509 (N.D. Ga. 1989) (citing 28 U.S.C. § 2412(d)(2)(A)). As the court in *McGuire* noted, § 2412(d)(2)(A)'s examples

---

[1] Before discussing the merits of the objections, the Court commends the United States Attorney's Office for undertaking to carefully scrutinize the time entries Gibson submitted. Far too often motions for attorney's fees go unopposed by the government. Who knows how many unjustified fee requests are granted, resulting in who knows how many wasted taxpayer dollars going to unscrupulous attorneys.

[2] For the facts underlying this case, *see* ECF No. 50.

of "'fees and other expenses,' . . . is not an exhaustive listing, and in no manner precludes the inclusion of hours expended prior to the filing of the complaint." *Id.* So long as the time spent is directly related to the filing of the complaint, that Atkins spent it in preparation for filing will not preclude EAJA compensation.

The time on April 2, 7, 8, 10, 24, and May 11 and 12 of 2003 Atkins and her paralegal spent on the case qualifies as preparing the complaint in this Court. For example, on April 7, Atkins reviewed the ALJ's denial of benefits, the Appeals Council's remand order, and the Council's ultimate denial of benefits, all for the purpose of filing an appeal in this Court. *See* ECF No. 51-1 at 2. She then developed a list of questions based on that review and discussed them with Gibson. *Id.*

Review of the decision below is critical to preparing a complaint on appeal. Without it, counsel cannot competently prepare a complaint. So too for discussing the case with Gibson's prior counsel. *See id.* A prudent attorney who is hired on appeal should talk with her client's previous counsel to speed up getting up to speed.

The paralegal time on April 28 and May 12, 2003 and the time Atkins spent on May 11, 2003, however, are different. Reviewing forms over the phone with Gibson is not directly related to preparing the complaint filed in this Court. *See McGuire*, 723 F. Supp. at 1509; ECF No. 51-1 at 3. Nor are writing a thank you note to previous counsel, verifying postage meter dates on letters, or preparing a letter to Gibson about the case. *See id.* And on May 11, Atkins reviewed letters, called Gibson, and wrote a check to the Clerk's office, among other tasks, some of which do qualify as preparation for filing. ECF No. 51-1 at 3.

The Court accordingly will not consider the 0.25 hours of paralegal time on April 28, 2003; will deduct 0.50 hours from the attorney time requested from May 11, 2003; and will deduct the 0.75 hours of paralegal time from May 12, 2003.

### B. Time Spent On Clerical Work

The Commissioner also objects to any award of fees that includes money for time spent on non-legal clerical tasks. Undoubtedly attorneys may not receive compensation at attorney rates for performance of clerical tasks. *See Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292, 1306 (11th Cir. 1988). And while paralegal time is compensable, it is only so for time spent on tasks traditionally performed by attorneys. *See Jean v. Nelson*, 863 F.2d 759, 778 (11th Cir. 1988).

The Commissioner objects to a bevy of time entries she claims represent disallowed clerical work. *See* ECF No. 53 at 6-7. The Court agrees that the majority of the listed entries are clerical in nature and thus disallowed. A few merit compensation though.

The Commissioner objects to payment for 0.25 hours for Atkins discussing with Gibson the implications of the government's motion to remand because of the lost files. *See id.*; ECF No. 51-1 at 5. But such a conversation can hardly qualify as clerical and in fact is precisely the kind of work an attorney's education and skill should be applied to. Anyone can call a client with an update about a mundane motion in a case. But explaining the ramifications of a remand from a district

2

court to an administrative body because of lost files goes beyond what a layperson can be expected to cogently explain. The Court will allow compensation for this 0.25 hours.

Similarly, the Commissioner objects to Atkins's telephone conference with Gibson about the remand on October 30, 2003 (0.25 hours); another call from Atkins to Gibson on December 3, 2003 (0.08 hours); an Atkins-Gibson conference call on November 29, 2005; and a letter to the ALJ the same day (0.75) hours. *See* ECF No. 53 at 6. The Commissioner also objects to 0.75 hours Atkins spent discussing with Gibson his options for how to get the Social Security Administration ("SSA") to hold a new hearing and how to proceed with the case generally; 0.25 hours spent reviewing the Court's order granting the Commissioner's motion to reopen; 0.40 hours spent reviewing orders setting briefing and other deadline schedules; 0.50 hours spent reviewing the magistrate judge's report and recommendation; and finally, a call to Gibson to explaining the Court's denial of his motion to enforce the judgment and where to go from there. *Id.* at 7.

None of these time entries is clerical. Consulting with a client about the strategic direction of the case and explaining court orders to the client both require the expertise an attorney brings to the table, quite unlike, say, leaving a voicemail. And reviewing Court orders is plainly a core component of an attorney's job. The Court accordingly will award fees for these entries.

All other entries the Commissioner objects to in Part III of her response—totaling 19.51 hours—are disallowed as non-compensable clerical work. Among those entries include ones for correcting Gibson's address, updating attorney files, and Atkins emailing her paralegal about filings. *See* ECF No. 53 at 6. None of that work required Atkins's exercise of her education and judgment and therefore will not be compensated under the EAJA.

### C. Time Spent Correcting Errors And Seeking Extensions of Time

The Commissioner next objects to compensating Gibson for time Atkins spent correcting her own errors; seeking extensions for vacation and personal injury; and defending against a motion to dismiss for failure to prosecute stemming from her paralegal's bout with cancer. *See* ECF No. 53 at 7-8.

The Commissioner is correct that time spent correcting unforced errors should not be compensated, nor should time spent asking for extensions necessitated by events beyond the Commissioner's control. The public cannot be asked to pay for mistakes, even when the plaintiff prevails on his claims. Nor should it be asked to compensate attorneys for work that became necessary only because of events beyond the Commissioner's control. The 1.99 hours the Commissioner identifies as related to mistakes and extensions will not be compensated.

The Court views defending the motion to dismiss differently. Gibson missed filing deadlines because Atkins's paralegal developed cancer and left Atkins's employ, disrupting office operations. *See* ECF No. 38 at 2 n.1. Although the Commissioner is correct that Atkins only defended against the motion to dismiss because of events outside government control, in requesting the Court decline to compensate that time the

3

Commissioner ignores the inconvenient reality that much of the litigation in this case occurred because of delays expressly caused by the Commissioner losing portions of the administrative record or otherwise dragging her feet in administering Gibson's claim.

So on the one hand the Commissioner asks the Court to be fair to the government and decline to compensate Gibson for defending the motion to dismiss, but then on the other presumably wishes the Court to do nothing more in response to the Commissioner's potential negligence in losing evidence. But fairness cuts both ways. The Court declines to act further in response to the Commissioner's detrimental litigation conduct. The Court, however, also approves the hours spent defending the motion to dismiss.

### D. Time Spent On Post-Remand Work

Three months passed between this Court's order remanding this case to the SSA and the order clarifying that the remand was pursuant to sentence four of 28 U.S.C. § 405(g). *See* ECF No. 42 (adopting, on October 22, 2012, report and recommendation of the magistrate judge that the case be remanded); ECF No. 46 (clarifying on January 22, 2013 that the remand was pursuant to sentence four). The Commissioner believes any and all work performed by Atkins after the original remand order, excepting time spent responding to the Commissioner's motion to clarify, to be non-compensable. *See* ECF No. 53 at 8-9. The Court partially agrees.

The Commissioner is unquestionably correct that Atkins's time spent after January 22, the day the Court clarified its remand order, is non-compensable. Once a district court enters a sentence four remand, the civil action is over. *See Shalala v. Schaefer*, 509 U.S. 292, 299 (1993). With no pending civil action, the EAJA has no foundation on which to operate. *See* 28 U.S.C. § 2412(d)(1)(A) (requiring an award of fees to the prevailing party in any civil action). Any time spent after the Court's clarification order of January 22, 2013 therefore is not compensable. By the Court's calculation, that comes to 16.31 hours. *See* ECF No. 51-1 at 22-24.

Atkins's time spent between the original remand order of October 22, 2012 and the date the Court clarified that order is a different matter. The vast majority of those time entries relate directly to responding to the Commissioner's motion for clarification, which even the Commissioner admits is compensable. *See* ECF No. 53 at 9. Only 2.0 hours out of the 12.96 total during those three months involve matters then before the SSA or activities otherwise non-compensable. *See* ECF No. 51-1 at 20-22. The two will be deducted from the fee award, but the remaining 10.96 relating to the motion for clarification response are compensable.

### E. Time Spent On Unfiled Or Unsuccessful Pleadings And Motions

The Commissioner objects to compensating Gibson for time Atkins spent on motions she never filed and for those she unsuccessfully proposed or opposed. ECF No. 53 at 10. Specifically, the Commissioner objects to seven hours Atkins spent on a motion to reopen she never filed; 0.50 hours spent sending a draft motion to dismiss that Atkins never filed; 3.16 hours unsuccessfully opposing the Commissioner's motion to reopen; and a total of 31.0 hours drafting, filing, and litigating a motion to enforce an

4

order of this Court from 2003. *See id.* This objection is sustained in part, but largely rejected.

Unfiled motions, whether or not unfiled because of strategic judgments by counsel, cannot be compensated. *See Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983) (cautioning that counsel must use billing judgment in hours worked). They represent miscalculation by counsel and, as discussed *supra* at 3, mistakes will not be compensated under the EAJA.

The seven hours Atkins spent on the motion to reopen she never filed therefore will not be compensated. The Commissioner's counsel, however, misreads the time entry he claims is for sending a draft motion to dismiss. That entry actually documents the 0.50 hours Atkins spent reviewing and responding to an email from the Commissioner's counsel that included a draft of *his* motion to dismiss. *See* ECF No. 51-1 at 15. That is a classic example of what attorneys do and will be included in the fee award.

Time spent on unsuccessfully opposing motions filed by the Commissioner is a stickier matter. The Commissioner, of course, claims that time spent on unsuccessful motions cannot be compensated, citing *Hensley* for the proposition that "hours spent on [an] unsuccessful *claim*[] should be excluded [when] considering the amount of a reasonable fee." 461 U.S. at 440 (emphasis added).

That is a true statement of law. And inapposite to this case. *Hensley*'s admonition applies to *claims*, not motions. For example, if a prisoner sues the warden and asserts distinct claims based on the Eighth Amendment, procedural due process, and substantive due process, but prevails only on one of those, *Hensley* would prohibit a fee award for work performed on the two unsuccessful claims. *See id.* at 441.

In fact, to deny compensation for work performed on unsuccessfully opposed motions would improperly "atomize" this case. *See Comm'r, INS v. Jean*, 496 U.S. 154, 161-62 (1990) (holding that "the EAJA—like other fee-shifting statutes—favors treating a case as an inclusive whole, rather than as atomized line-items."). Courts should instead "focus on 'the significance of the overall results as a function of total reasonable hours.'" *Webster Greenthumb Co. v. Fulton Cnty. Ga.*, 112 F. Supp. 2d 1339, 1351 (N.D. Ga. 2000) (quoting *Norman*, 836 F.2d at 1302); *see also Dowdell v. City of Apopka, Fla.*, 698 F.2d 1181, 1187 (11th Cir. 1983) ("The theory that fee applications should be dissected into 'winning' and 'losing' hours with the latter being non-reimbursable contradicts the law of this circuit.").

Here, Gibson asserted only one claim—wrongful denial of benefits. *See* ECF No. 1. And when the Court shines its focus on the results obtained, it finds nothing but success. In the end, after much delay, most of which the Commissioner caused, Gibson received a full award of benefits. *See* ECF No. 47-4. In other words, he completely prevailed on his one claim. That Atkins unsuccessfully opposed some motions and unsuccessfully pursued others does not detract from that end result. And in keeping with the law of this circuit, the Court will not dissect Gibson's fee application as the Commissioner requests. The 31.0 hours spent pursuing the motion to enforce and the 3.16 hours opposing the

5

Commissioner's motion to reopen will be compensated.[3]

### F. Compensation For Expenses And Costs

The Commissioner also challenges Gibson's request for expense compensation. ECF No. 53 at 12. The Commissioner seemingly faults Gibson for not identifying each page of the 19,365 pages copied during the course of this decade long litigation; for not spelling out what Atkins mailed every time she went to the post office; and for generally not providing a high enough level of specificity to enable meaningful review of Gibson's fee request. *Id.*

Although true that Atkins entries do not spell out what she copied, what she mailed, or what specifically she researched to account for Westlaw charges, copy fees, and shipping costs, Gibson only requests $500 to cover all expenses. Given that this litigation lasted about ten years, that is an imminently reasonable amount. The Court declines to adjust the fee award for expenses.

The Court does, however, take note of the Commissioner's request that the fee award for the $150 filing fee be couched in terms of costs, while the remaining $350 be expenses. The fee award will reflect that request. The Commissioner will pay $150 in costs and $350 in expenses.

---

[3] The Commissioner also requests the Court deny compensation for work Atkins expended conferring with the Commissioner's counsel on the joint status report. ECF No. 53 at 12. The Commissioner claims, somewhat petulantly, that Atkins "reneged" on some stipulations and that time spent conferring with her "effectively constituted a waste of time." *Id.* The Commissioner cites no authority for striking from a fee award time spent on a joint status report because a party later refused to stipulate to something. The hours Atkins spent on the joint status report stand.

### G. Who To Pay The Award To

In his final objection, the Commissioner argues that any fee award should be paid to Gibson, not Atkins. In its previous order, the Court ordered the fee award be paid to Atkins directly, in part because of an EAJA award assignment agreement between Gibson and Atkins. But faced with the Commissioner's cogent objection, the Court must *VACATE* that portion of the previous order. ECF No. 52.

EAJA awards unquestionably belong to prevailing plaintiffs. *See Astrue v. Ratliff*, 130 S. Ct. 2521, 2527 (2010). Awards may be assigned, but because the awards are claims against the United States, any assignment of them must satisfy the Anti-Assignment Act. *See* 31 U.S.C. § 3727 (allowing assignments only after (1) a claim is allowed; (2) the amount of the claim is decided; (3) a warrant for payment is issued; and (4) the assignment itself specifies the warrant, is made freely, and is signed by two witnesses).

The assignment between Gibson and Atkins cannot satisfy the Anti-Assignment Act. For one, they executed it before the Court determined to allow an EAJA award, much less the amount. It also lacks two witness signatures and does not mention a warrant for payment, likely because no warrant yet exists. So, the Court must award EAJA fees here to Gibson, not Atkins. If the Commissioner later determines that Gibson does not owe the United States a debt, she may waive the Anti-Assignment Act's requirements and pay the EAJA fee award directly to Atkins. *See, e.g., Arthur Pew Const. Co. v. Lipscomb*, 965 F.2d 1559, 1576 (1992) (holding that United States may waive

the protections of assignment statutes). But that decision is reserved to the Commissioner's discretion, not this Court's.

### III. CONCLUSION

The Court previously found Gibson entitled to a fee award under the EAJA. *See* 28 U.S.C. § 2412; ECF No. 52. And the Court found rates of $125 per hour and $65 per hour appropriate for attorney and paralegal time respectively. Those findings and the accompanying reasoning remain the opinion of the Court. The Court, however, *VACATES* that portion of its previous order, ECF No. 52, awarding fees to Atkins instead of Gibson.

The Court's breakdown of the revised fee award is as follows: Atkins submitted time entries for attorney and paralegal time totaling $20,414.10 when the rates of $125 per hour for attorneys and $65 per hour for paralegals are applied. ECF No. 51-1 at 1. From that sum, the following amounts are deducted:

1. 1.0 hour of paralegal time and 0.50 hours of attorney time spent on matters not in preparation for this litigation, for a total of $127.50.
2. 19.51 hours—10.99 hours of paralegal time and 8.52 hours of attorney time—spent on clerical work, for a total of $1,779.35;
3. 1.94 hours—0.40 hours of paralegal time and 1.54 hours of attorney time—spent correcting errors and seeking extensions of time for matters unrelated to government conduct, for a total of $218.50;
4. 16.31 hours—2.25 hours of paralegal time and 14.06 hours of attorney time—spent on post-sentence four remand tasks, for a total of $1,903.75; and
5. 7.0 hours, all attorney time, spent on motions to reopen that Atkins never filed, for a total of $875.

Those deductions come to $4,904.10. Gibson, however, does not request the full $20,414.10. Instead, he requests a flat $15,000, plus $500 for expenses and costs. Even after deducting $4,904.10 from the time entry total, $15,000 remains the lower figure.

So, the Court *GRANTS* Gibson's motion for attorney's fees and *AWARDS* Gibson, not Atkins, $15,000 under the EAJA. The Court also awards $500 for expenses and costs—$150 for costs, $350 for expenses.

This 3 day of June 2013.

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA